## STEVENSON v. SICKLESTEEL LUMBER CO.

**1.** CORPORATIONS—INCREASED STOCK—VALUE—SALE BELOW PAR.

The increase of its capital stock by a corporation under 2 Comp. Laws 1915, § 9018, subd. 9, is the property of the corporation, and the president and secretary could not issue it for less than par, under the provisions of the statute and the vote of the stockholders authorizing the increase and fixing its value.

**2.** SAME.—CORPORATION CONTROLLED BY BOARD OF DIRECTORS—DIRECTORS FIX SALARIES OF OFFICERS.

By virtue of Act No. 232, Pub. Acts 1903, a corporation is managed and controlled by its board of directors, and the officers have no right to fix their own salaries and change them at will.

**3.** SAME—OFFICERS CANNOT VOTE THEMSELVES BONUSES.

Officers of a corporation have no right to vote themselves

bonuses for work faithfully done for which they are already paid a salary; said matter being within the province of the board of directors.

4. SAME—OFFICERS NOT ENTITLED TO COMMISSIONS ON BUSINESS.
Officers of a corporation are not entitled to receive commissions on the business of the corporation in the absence of action by the board of directors or established custom justifying same without action of the board.

5. SAME—DISSOLUTION—DIRECTOR PERSONALLY INTERESTED NOT ENTITLED TO ACT—FIDUCIARY RELATION.
Where of the two votes of directors cast in favor of a resolution for the dissolution of a corporation, representing 1,001 shares, one share more than one-third of the outstanding legally issued stock, one vote represents 1,000 shares, owned by a director personally interested in the dissolution to the end that he may get control of the business which is in a flourishing condition, he is not in a position to act in the fiduciary relation in which he is placed, and dissolution should not be allowed on said vote.

6. SAME—RECEIVERS.
Where a corporation was temporarily placed in the hands of a receiver, pending proceedings for dissolution, and the dissolution is not warranted, the receivership should be vacated and the business returned to the control of the corporation.

7. SAME—OFFICER ENTITLED TO INTEREST PAID ON MONEY BORROWED IN HIS NAME.
Where an officer of a corporation borrowed money in his own name for the use of the corporation, he is entitled to the actual interest paid by him, although it was more than the legal rate of 5 per cent.

Appeal from Wayne; Lamb (Fred S.), J., presiding.    Submitted April 25, 1922.    (Docket No. 138.) Decided June 5, 1922.

Bill by Celia A. Stevenson against the Sicklesteel Lumber Company, Frank W. Girard and others for an accounting.    From a decree for plaintiff, defendants appeal.    Modified and affirmed.

*Hoffman & Miller* and *Dohany & Hersch*, for plaintiff.

*Scott & Hurley* and *Codd, Bishop & Kilpatrick (Collins B. Scott*, of counsel), for defendant Girard.

WIEST, J.   Bill by plaintiff, a stockholder in the Sicklesteel Lumber Company, to compel defendants Girard and Sicklesteel to return to the treasury of the company $20,000 of the company stock, issued by them to themselves without authority and without paying anything therefor; to have defendants' reasonable salaries, as officers of the company, determined and a return of the excess in salaries taken by them; to have defendant Girard pay the balance due on his stock, purchased when he entered the company, and to refund to the company certain moneys paid him as bonuses for lending his indorsement to the company, and for excess of interest paid him on money loaned the company.   Defendants Girard and Krausmann filed a petition for the dissolution of the corporation and the Detroit Trust Company was appointed receiver. At the hearing the cases were consolidated and the court dismissed the petition for a dissolution of the corporation and granted plaintiff relief.

The learned circuit judge filed a very carefully prepared opinion, and a reading of the record fully persuades us he reached the right conclusions upon all questions, with the exception of the item of interest. The opinion follows:

"It appears from the testimony in the cases and I find the facts as follows:

"That the Sicklesteel Lumber Company has been doing business in the city of Detroit for many years with James R. Sicklesteel as chief stockholder and managing head; that this corporation was incorporated in 1913, with a capital stock of $20,000, subscribed by James R. Sicklesteel, who held 1,000 shares, par value of $10 per share, and L. A. Sicklesteel, who held 1

share, par value $10 per share; that the corporation continued as thus organized, until January 2, 1917, when the stock held by L. A. Sicklesteel was assigned to and reissued to J. E. Petrie.

"That on the 8th day of January, 1917, a special meeting of the stockholders was called, to be held on the 10th day of January, 1917, with notice waived, for the purpose of increasing the capital stock of said corporation from $20,000 to $50,000; that the aforesaid meeting was held as per call and the capital stock increased as per notice; that the capital stock was divided into 5,000 shares of the par value of $10 per share; that James R. Sicklesteel subscribed for 1,000 shares of said stock, C. A. Stevenson, 999 shares, and J. E. Price, 1 share.

"That later in the month of January, 1917, Frank W. Girard bought into the company, taking 1,000 shares at the par value of $10 per share; that he paid $5,000 in cash and put in an automobile at the sum of $1,500, for which he had paid $1,000 some months before; that no further payment was made by him and the balance of $3,500 is still unpaid or in any way accounted for; that no meeting of the board of directors was held to authorize the sale of the stock to Frank W. Girard, to fix the price or to designate how and in what payment should be made; that the stock was issued, signed by the president, James R. Sicklesteel, and the secretary, C. A. Stevenson.

"That on the 2d day of February, 1917, a special meeting of the stockholders of said company was held, at which all the then stockholders were present, either in person or by proxy, and at which the board of directors was increased from three directors to four and Frank W. Girard elected to fill the vacancy on the board, and that later on the same day, Frank W. Girard was elected secretary of the board of directors in place and stead of C. A. Stevenson.

"That prior to the month of January, 1917, the volume of business and also the profits therefrom had been small; that due to loose methods or mismanagement the finances of the company, as reflected by the action of the National Bank of Commerce, with which institution the Sicklesteel Lumber Company had had business connections for some time, were not in a

satisfactory condition; that at a meeting between the bank and the officers of the Sicklesteel Lumber Company, held some time between February 2 and February 6, 1917, it became manifest that unless the actual management of the finances of the company should be taken from the president of the company, James R. Sicklesteel, and placed under the direct supervision of the secretary, Frank W. Girard, that, accordingly, on the 6th day of February, 1917, at a special meeting of the board of directors of the company, the following resolution was offered by Director James R. Sicklesteel and carried unanimously:

"'Be it resolved, that the bank account of this corporation be kept with the National Bank of Commerce of Detroit, and that all notes, checks, drafts, leases, contracts and obligations of the corporation be signed, The Sicklesteel Lumber Company, by Frank W. Girard, secretary, and that this signature is the only one authorized for the transaction of our banking business with the National Bank of Commerce of Detroit.'

"That the new secretary, Frank W. Girard, immediately entered into active operation of the business, taking charge of the sales, credits and finances of the business; that from time to time, as necessity required, and without any action on the part of the board of directors and of his own volition, the new secretary bolstered up the credit of the company by advancements, or loans, or by indorsement of paper of the company; that he arranged with himself to take and receive interest on such advances and also for a bonus each and every year for the service thus rendered to the company; that the interest taken and received by him was in excess of the rate allowed by law, where no lawful contract therefor has been made; that in each of two years he arranged for and received a bonus of $500, and in the year following he arranged for and received a bonus of $600.

"That from the spring of 1917 and until the filing of the bill in this case, due, undoubtedly to the business ability of Mr. Girard, aided, perhaps materially, by general trade conditions incident to the war, the business prospered enormously, so that, at the time of the filing of the bill in this case, the company showed a surplus of in excess of $100,000, and assets of over

$250,000, and such was the condition at the time of the filing of the petition for dissolution.

"That since on or about the time that Frank W. Girard was elected secretary to replace C. A. Stevenson, in 1917, and up to the time of the commencement of this case, C. A. Stevenson, due to ill health and other conditions, has been out of touch with the business management and conditions of the company, and has had no knowledge of the situation in that regard; that at no time since the beginning of the year 1917 has she received any dividend upon her stock in said corporation.

"That from and after the time that the new secretary, Frank W. Girard, took charge of the finances of the corporation, he took upon himself, without any action by the board of directors in relation thereto, the responsibility of fixing his own salary from year to year, as well as the salary of the president of the company, and so long as he kept the president's salary on an equal footing with his own, no trouble arose and nothing was said or done; that for the year 1917, he, Girard, fixed his salary at $2,500, but received $3,000; James R. Sicklesteel, the president, received the same, although his salary was fixed by the secretary at $2,500; that at the first of the year, 1918, Girard fixed his salary, likewise that of the president, at the sum of $3,600 per year, and until the month of September, 1918, received the monthly installment of $300; that at that time he refixed his salary at the sum of $5,000 per year and had it date back to January 1, 1918, and on September 27, 1918, he drew $1,350 to balance up his salary account on the basis of $5,000; that in the year 1919, he at first fixed his salary at $7,500 per year, and drew at that basis until June, 1919, when he increased it to $10,000 per year and had it made retroactive; that the salary of the president was left at $7,500 per year; that for the year, 1920, the salary was fixed by him at the old rate of $10,000 per year and he drew accordingly; that at no time was the salary question ever put up to the board of directors, or was any action thereon ever taken by such board or by the stockholders at any meeting for that or any other purpose; that since the receiver took possession of the company's affairs, at the time

the petition was filed and while in the employ of such receiver, the said Girard received a salary of $7,500 per year.

"That as soon as the said Frank W. Girard was made secretary of the company and placed in charge of the finances of the institution, he began to want security for his indorsements and advancements which were then in prospect; that this matter was taken up by him with the president of the company, and as a result, without any action of the board of directors and without any authority by the stockholders at any meeting thereof, and without any knowledge of the other stockholders, it was arranged by and between Frank W. Girard and James R. Sicklesteel that the 2,000 shares of capital stock then in the treasury of the company and still unissued, should be issued as follows: 1,000 shares to Frank W. Girard and 1,000 to James R. Sicklesteel, and that then the said James R. Sicklesteel should and would, and did thereafter assign his 1,000 shares to Frank W. Girard, all of said 2,000 shares to be held as security, and when security became unnecessary by reason of the condition of the company, these shares should be and would be returned to the treasury of the company; that they are still held by the said Frank W. Girard under claim of ownership absolutely; that the certificates of stock in question are Nos. 23 and 24 issued under date of February 5, 1917; that certificate No. 24 has never been transferred to Frank W. Girard on the books of the company; that the first entry on the books of the company in relation to the two certificates, Nos. 23 and 24, appears as of May 29th, where an entry appears to have been placed at the instruction of Mr. Girard, charging $20,000 to surplus account and crediting capital stock with like amount, which entry was later erased at his instigation and changed to read $20,000 charged to salary account and credited to capital stock; that at all times, in the annual reports of the company, this stock as represented by these two certificates, was reported as unissued stock; and which reports were sworn to by Frank W. Girard, as secretary; that neither Girard nor James R. Sicklesteel ever paid a cent for any of this $20,000 worth of capital stock, neither has the company ever received a cent therefor.

"That at no time did the board of directors authorize the payment of a commission to Frank W. Girard nor was any such custom shown.

"That a reasonable salary from year to year for the services of James R. Sicklesteel for said corporation, under the proofs in the case is as follows:   For the year, 1917, the sum of $3,000; for the year, 1918, the sum of $5,000; for the year, 1919, the sum of $5,000; and for the year, 1920, the sum of $5,000.

"That at no time, except for use at the annual stockholders' meeting, for the years 1917, 1918 and 1919, did anyone have the proxy and authority to act for and vote the stock held by C. A. Stevenson.

"That no notice was given of the special meeting of the board of directors at which the resolution relative to dissolution of the corporation was acted upon; that at the opening of the meeting the three directors were present, but that director James R. Sicklesteel withdrew before any action was taken in regard to the matter; that the resolution was adopted by the vote of Frank W. Girard, owner of 1,000 shares of the capital stock, and that Dr. Krausmann, owner of 1 share of such stock; that the owners and holders of 1,999 shares of said stock are opposed to dissolution of the corporation;   *   *   *

"1. As to the $3,500 Unpaid Balance.   The stock purchased by Frank W. Girard, evidenced by certificates Nos. 19, 20, 21 and 22, is a part of the increased capital stock, made available by the action of the stockholders of the Sicklesteel Lumber Company, at its meeting, held on the 10th day of January, 1917.

"A portion of the resolution passed by the stockholders, as included in the certificate of increase of capital stock, filed with the secretary of State and recorded in his office, on the 23d day of January, 1917, reads as follows:

"'It was further resolved by the same vote that the value of, and the price at which such increase of capital shall be subscribed and paid for by the stockholders be fixed at $10 per share, and the time and manner of subscription and payment of such increased stock shall be as follows:   Within 20 days after the stock is subscribed for it shall be paid for and the directors of said corporation are authorized to sell, at not less than the price so fixed, any part of such increase not subscribed

by the stockholders, after they have had reasonable opportunity to make subscriptions of their proportionate shares thereof and the directors may make provision for calling in and canceling the old, and issuing new certificates of stock.'

"The portion of the resolution just quoted is based upon the provisions of section 2, subdivision 9 of section 9018 of the Compiled Laws of 1915, being a part of Act No. 232 of the Acts of 1903, as amended, wherein it says:

" 'In voting upon the increase of the capital stock, the stockholders shall have power * * * to fix the value of, and the price at which the increase of the capital shall be subscribed and paid for by the stockholders, but not less than par, * * * and by the same vote to authorize the directors to sell, at not less than the price so fixed,' etc.

"The board of directors, had it acted and authorized the sale of the stock purchased by Frank W. Girard, could not have sold it for less than par value and thereby bound the Sicklesteel Lumber Company by its action. The increase is the property of the corporation and shall remain so until lawfully disposed of. This stock was issued to Mr. Girard by the president and secretary without any authorization from the stockholders or board of directors. Surely it will not be claimed that the president and secretary, acting without any authority, could release the defendant, in part, from the very obligation which the law and the articles of association, as amended by the certificate of increase of capital stock, forbid the stockholders and the board of directors from doing. The defendant, Frank W. Girard, is indebted to the Sicklesteel Lumber Company for the unpaid balance on his stock of $3,500. He should consider himself fortunate that he does not hold his stock subject to any other burden, in view of the testimony in the case.

"2. As to 2,000 Shares, Evidenced by Certificates Nos. 23-24. The stock, evidenced by certificates Nos. 23 and 24, is a portion of the increase of capital stock provided for by the action of the stockholders at its meeting, held January 10, 1917. It is claimed by the plaintiff that this stock was issued as security to Mr. Girard for his assistance in financing the company. Mr. Girard claims that it was issued to him absolutely

to reimburse him for what he had done for the company. It is of little moment which claim may be the true one. The stock was issued, 1,000 shares to Frank W. Girard and 1,000 shares to James R. Sicklesteel, without any authority whatever to either from the stockholders or the board of directors. The certificates were signed by James R. Sicklesteel, president, and Frank W. Girard, secretary. No one claims that anything was paid for this stock or that it was intended that there should be anything paid for it. This manipulation of this stock is clearly prohibited by the statute above referred to and is against the articles of association, as amended in 1917. The stock represented by certificates Nos. 23 and 24 belongs to the Sicklesteel Lumber Company as much now as it ever did and it must be returned to it.

"3. As to Salaries. By virtue of the provisions of Act No. 232 of the Public Acts of 1903, as amended, and as reflected in the by-laws of this company, the corporation is managed and controlled by the board of directors elected by the stockholders for that purpose. One of its first and foremost duties is to elect its officers, determine which ones, if any, shall be paid a salary and how much that salary shall be. It would be a strange anomaly, indeed, if, in contemplation of the law referred to, the officers were to be elected by the board of directors and then turned loose to fix their own salaries and change them at will as occasion might require or individual exigencies dictate. If such were to be held to be the underlying thought, in this day and age, when the chief aim and purpose in life appear to be the chasing of the dollar, which too often belongs to the other fellows, few, if any, corporations, no matter how well managed they might be, or how much of a surplus they might seek to pile up, could long survive the strain.

"The plaintiff, through her counsel, concedes that the defendants are entitled to and should receive reasonable compensation for services rendered for the company, but maintains that the salaries taken and received by them were unreasonable and confiscatory, all things considered. It speaks well for counsel for the defendants that no claim is made that the defendant Frank W. Girard is entitled to retain the salaries

which he has received and drawn from this company unless such salaries are deemed to be within reason, in view of all the facts and circumstances of the case.

"Based upon the facts, as found, defendant, Frank W. Girard should return to the treasury of the company, as excess salary, the sum of $5,250, and defendant, James R. Sicklesteel, should return the sum of $3,750, as of July 1, 1920.

"4. As to Bonuses. Fortunately for the stockholders, it is not left to the officers of a corporation, either singly or collectively, whether they, or any of them, shall receive a bonus for duty faithfully and well done. The court has labored under the impression that the relationship existing between the officers of the corporation and the corporation is essentially a fiduciary one and that, when an officer assumes to perform the duties of his office in consideration of the compensation he has agreed to take, he contracts to give the best and all there is in him for the benefit of the corporation. If there are any bonuses to be given for meritorious service, the board of directors, acting for the corporation has the province of determining the amount and upon whom they shall be bestowed. It is conceded that the board of directors of the Sicklesteel Lumber Company never took any action in relation to granting Frank W. Girard a bonus for doing what he was already being paid a salary, fixed by himself, and changed as he considered the traffic would stand for it. The $1,600 taken by him as bonuses for the three years must be returned to the treasury of the company.

"5. As to Excess Interest. In view of the fact that no arrangement was made by the board of directors to allow defendant Girard interest on all advances he should make from time to time to assist in financing the company, he must be satisfied with the legal rate, as where no rate is mentioned, which is 5 per cent. in this State. All interest he has charged and received over and above the 5 per cent. belongs to the corporation and must be returned to it. While this appears like a small matter, it is not a question of size, but involves the application of a law, regardless of the dimensions of the matter in hand. Where a law is invoked, it is to be applied whether the case is one at law or in equity.

"6. Commissions. Under the findings of facts, defendant Girard is not entitled to reserve any commissions on the business of the corporation. No action had been taken by the board of directors thereon and no custom was established justifying the same without the action of the board of directors.

"7. Accounting. The question has been raised that the plaintiff's prayer for relief does not cover an accounting by defendant Sicklesteel. If it is deemed advisable for the purpose of the records, an amendment may be made to the prayer for relief to that effect, and after being so perfected, an accounting may be decreed against the defendants, Frank W. Girard and James R. Sicklesteel, in accordance with the foregoing facts and conclusions.

"8. Dissolution. Assuming, without deciding, that the resolution for dissolution of this corporation was passed by the board of directors lawfully assembled, and that such resolution contained some of the allegations upon which dissolution proceedings are planted under the statute, it appears in this case that the votes cast in favor of the dissolution represent 1 share more than one-third of the outstanding legally issued stock, that 1 of the 2 votes cast for the resolution is the holder of 1,000 shares of the stock, is personally interested in the dissolution of the corporation to the end that he may get control of the business in his own right, and is not, therefore, in position to act in the fiduciary relation in which he is placed. The owners and holders of 1,999 shares of the stock, the ones who have carried the burden through long years of development, oppose such dissolution, at the very time when the business is in splendid condition as a going concern and with excellent prospects for the future.

"The burden is upon the petitioners to establish by the greater weight of the proofs, not only that the best interests of the corporation would be subserved by its dissolution, but also that the resolution calling for dissolution was made in good faith and by directors who were not personally interested in the end sought. In the judgment of the court, the proofs fall short of establishing either. The petition must be denied.

"9. Receivership. It appears that the company was temporarily placed in the hands of the Detroit Trust

Company as receiver, pending the outcome of these proceedings for dissolution of the corporation. There appears to have been no other cause for asking that it be placed under a receivership. It follows that such receivership should be vacated and the business returned to the control of the Sicklesteel Lumber Company."

The bill was amended and a decree entered in accordance with the opinion.

Defendant Girard has appealed from the decree and counsel for him state in their brief:

"We do not ask a reversal of the decree entered in the circuit court but merely a modification in the following four particulars:

"*First.* As to the interest to be allowed defendant Girard, for loans made by him to the corporation.

"*Second.* As to the so-called unpaid balance on his original subscription to capital stock.

"*Third.* As to bonuses denied him.

"*Fourth.* As to the amount of salary to be allowed him."

We think defendant Girard entitled to the actual interest paid by him on money borrowed in his name for the company. He was overpaid $680.40 instead of $792.61, as found by the circuit judge, and the decree will be modified accordingly.

With this exception we are in accord with the determination made by the circuit judge, and the decree, modified only as to the amount of interest due to defendant Girard, is affirmed, with costs to plaintiff.

FELLOWS, C. J., and McDONALD, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.