DETROIT TRUST CO. *v.* WAYNE CIRCUIT JUDGE.

RECEIVERS—FINAL ACCOUNT—REHEARING—CIRCUIT COURT RULE.
  The temporary receiver of 'the property and business of a
  corporation pending hearing of proceedings for voluntary
  dissolution is an arm of the court and subject to its
  orders, and although the report and final account of the
  receiver was allowed by a consent decree and the receiver
  discharged, the court had power to set aside said decree
  and grant a rehearing on a showing that $15,000 of the
  assets of the corporation had not been accounted for;
  Circuit Court Rule No. 56, which requires application for
  rehearing to be made within 14 months from the entry
  of the final decree or order, having no application.

Mandamus by the Detroit Trust Company to compel Fred S. Lamb, acting circuit judge of Wayne county, to vacate an order setting aside a consent decree. Submitted April 10, 1923. (Calendar No. 30,430.)    Writ denied June 4, 1923.

*Miller, Canfield, Paddock & Stone,* for plaintiff.

*Hoffman & Miller* (*Dohany & Hersch,* of counsel), for defendant.

MOORE, J.    Proceedings for the voluntary dissolution of the Sicklesteel Lumber Company were commenced on August 27, 1920, in the Wayne circuit court, in chancery, and on that day the Detroit Trust Company was appointed temporary receiver therein, afterwards taking over the lumber company's property and business and handling the same until the following March, when upon final hearing the proceedings were dismissed.    Prior to the commencement

223—Mich.—4.

of the dissolution proceedings, one Celia A. Stevenson, a stockholder in the lumber company, had filed her bill in the same court against the Sicklesteel Lumber Company, Frank W. Girard and others, for an accounting and other relief.  The case found its way to this court.  See *Stevenson* v. *Sicklesteel Lumber Co.*, 219 Mich. 18, 20.  After the opinion was handed down the report and final account of the receiver was allowed by a consent decree.  Some months after this decree was entered a petition was filed in which it was stated that about $15,000 of the assets of the company had not been properly accounted for, we quote:

"The Sicklesteel Lumber Company respectfully requests that from the foregoing the order entered allowing and confirming the first and final account of said receiver be set aside, and that said receiver be ordered and required to render a true, perfect and accurate account and report of its receivership and to pay over to the Sicklesteel Lumber Company the amount found to be due which, upon further accounting and hearing had, as this court may deem just and ordered."

Many affidavits were filed in support of the petition. Said motion was opposed by the defendant for the following reasons:

"(*a*) That the said motion to set aside the order and decree of August 16, 1921, and to grant a further hearing on the first and final account of said receiver, had not been made within the time prescribed by Circuit Court Rule No. 56, which requires applications for rehearing to be made within four months from the entry of the final decree or order, and that the circuit court was without jurisdiction to grant said motion.
"(*b*) That without waiving the question of jurisdiction aforesaid, the final decree and order entered on August 16, 1921, was a consent decree and could not be set aside and a further hearing or rehearing had upon said account and report of the receiver, unless it were shown that the consent to such decree was

procured by the fraud of one of the parties thereto, and that there was no allegation or showing of fraud practiced by the Detroit Trust Company, or its attorneys, in the procurement of the consent of the Sicklesteel Lumber Company or its attorneys to such decree.

"(c) That there was no showing in the motion or affidavits, thereto attached, that the Sicklesteel Lumber Company had used reasonable diligence in discovering the evidence, now claimed to be newly-discovered, or that the same could not have been sooner discovered, the motion reciting that the irregularities, mistakes, errors and omissions complained of were 'glaring' and had been 'recently discovered, and long since the order of August 16, 1921.'   In the absence of such a showing, or of some explanation of the delay of fourteen months in discovering the alleged evidence, after the books of the corporation were returned to it by the receiver, a rehearing or further hearing should be denied.

"(d) That the so-called newly-discovered evidence was cumulative, and that the allegations set up in the motion were substantially covered by the objections originally filed to said first and final account and report of the receiver, and were considered prior to the entry of the consent decree of August 16, 1921."

On May 25, 1922, the court granted said motion and later an order was entered setting aside the order and decree and granting a further hearing. The chancellor granted the petition. The Detroit Trust Company seeks to review this action by mandamus.

The return of the defendant reads in part as follows:

"(b) Answering subdivision (b) of paragraph 8 respondent admits that the order of August 16, 1921, was a consent order but denies that said order could not be set aside and a further hearing had upon the account and report of the receiver unless it was shown that there was fraud in the procuring of the consent order, but alleges that as facts appeared to show that said account was not true and correct that said court could nevertheless grant a hearing upon

the request of either party, and further this respondent asserts that fraud was alleged and shown in the securing of the entry of the consent order by proof that the report of the receiver and books and records contained many omissions, discrepancies, and errors which constituted fraud in the case.     *     *     *

"(4) Respondent denies the allegations contained in this paragraph of relator's petition, and alleges that the account of the receiver and its books did not show on their face many things set up in the motion and affidavits for rehearing in reality it was simply ordered that a supplemental report be filed.    Respondent had in mind what the original order and the books turned back to the Sicklesteel Lumber Company showed as compared with the affidavits and the records filed and had in mind the testimony offered in the principal case and the facts as then shown and found it would be equitable to all parties that a rehearing be had on the account so that a true and correct final account might be filed.     *     *     *

"Further answering respondent says that the court has no intention of charging the Detroit Trust Company with active fraud in the procurement of the consent order for the allowance of its final account, I think; but the showing in the mind of this court is sufficient to indicate that there was what amounts to constructive fraud in the procurement of the signing of the consent order, or the order allowing final account.    And in reaching that conclusion at the time the motion was made and the order was granted for a rehearing, dated June 8, 1922, the court was influenced to some extent by the testimony in the original case having in mind the parties that were interested in the transactions that were held to be a fraud on the Sicklesteel Lumber Company."

The same reasons are urged in this court by the trust company that were urged in the court below.

Great stress is put upon the claim that the case is within Circuit Court Rule No. 56.    The receiver is an arm of the court subject to its orders, and we do not think it has application to the existing situation. If the facts stated in the petition of the lumber com-

pany are true, it would be very unjust to have the order discharging the receiver stand.    The writ of mandamus is not a writ of right.

The writ of mandamus is denied, with costs.

FELLOWS, MCDONALD, CLARK, BIRD, SHARPE, and STEERE, JJ., concurred.    WIEST, C. J., did not sit.